Robert L. Emery Jr.

TRCI #13650508

82911 Beach Access Rd

Umatilla, Or. 97882

Pro Se

**ORIGINAL**

FILED 22 DEC '22 10:43USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **ROBERT L. EMERY JR** <br> PLAINTIFF <br><br> v. <br><br> **OREGON DEPARTMENT OF CORRECTIONS, (ODOC) AN AGENCY OF THE STATE OF OREGON;** <br> **ARNEL EYNON, STAFF MEMBER,** <br> **TWO RIVERS CORRECTIONAL INSTITUTION (TRCI); H. ROSSI STAFF MEMBER (TRCI); JOHN AND JANE DOE(S), STAFF MEMBERS AT TRCI;** <br> DEFENDANTS <br> Each defendant is <br> Sued in their individual <br> And official capacities. | Case #   2:22-cv-01977-MC <br><br> 42 U.S.C. 1983 (Violation of civil rights Under color of law), Americans with Disabilities Act 42 U.S.C. 12101 et seg. And the Vulnerable Person Act ORS 124.100 <br><br> Demand for Jury Trial <br> **Verified Complaint** |

## INTRODUCTION

This is an action for damages, including compensatory damages, equitable relief, including injunctive and declaratory relief, and attorney fees, costs, to redress violations of the United States Constitution, including First, Eighth, Amendments; The Civil Rights Act of 1871; 42 U.S.C. 1983; The Americans with Disabilities Act (ADA) 42 U.S.C. 12101 et seq; Section 504 of the Rehabilitation Act of 1973; and the Vulnerable Persons Act (VPA) under ORS 124.100.

1) This is a lawsuit based on the willful and deliberate refusal of the defendants to comply with state and federal laws, and their own ODOC Rules and Policies protecting

2) The rights of the plaintiff, who has serious mental illness (SMI) and is an Adult In Custody (AIC) of the defendants.

3) Through their Polices and Practices, defendants discriminate against individuals with mental illness in their custody.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. 1331, (Federal Question).

4) Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391 (b) because the claims herein arose in this Judicial District.

## PARTIES

5) Plaintiff Robert L. Emery Jr. is a citizen of the United States of America. At the time of this filing, plaintiff has standing as he is in custody of the ODOC at TRCI. At all times relevant herein plaintiff has been a resident of Umatilla County, Oregon and an (AIC) at TRCI.

6) The individually named defendants were at relevant times employees of ODOC at all times relevant to this complaint. At all times relevant herein each defendant acted under color of state law, and within the course and scope of their employment. Each defendant is sued individually and in his/her official capacity.

7) Defendant ODOC is an agency of the State of Oregon and operates all prisons in Oregon including TRCI. TRCI and ODOC receive federal funding.

8) Defendant Arnel Eynon was at all times relevant herein, Grievance Coordinator at TRCI.

9) H. ROSSI was at all times relevant herein assistant grievance coordinator at TRCI

10) Defendant(s) John and or Jane Doe(s) were at all times relevant herein employees of ODOC, and or State Officials whose identities are currently unknown to plaintiff. All Doe defendants have been personally involved in the violations alleged herein. Plaintiff will amend this complaint to formally name all Doe defendants once their identities are revealed to plaintiff during Discovery. All Doe defendants are sued in their official and individual capacities. All Doe defendants have acted under color of state law at all times relevant to this complaint.

## FACTUAL ALLEGATIONS

11) Plaintiff suffers from severe mental illness (SMI), he has been diagnosed with Major Depressive Disorder, Suicidal Ideation, Unspecified Personality Disorder, and Attention Deficit Hyperactivity Disorder, Anxiety. Plaintiff is also diagnosed with Indigestion, Obesity, Diabetes, Increased Risk of Heart Disease, High Blood Pressure, Iron Deficiency. Plaintiff also suffers from Severe Chronic Headaches, Eye Sight Deterioration, Poor Memory, and Concentration all of which are known to be caused by and or exacerbated by constant 24/7 illumination by the medical community, the Courts, and the defendants. Plaintiffs SMI and other medical issues negatively affect his everyday life and causes him difficulties in managing his activities of daily living. Plaintiff has attempted suicide on numerous occasions while in custody at TRCI as a result of a series of cumulative events including being perpetually worn down, depressed, tired, and angry over the constant bright lights.

12) On or about January 21, 2015 plaintiff was transferred from the Oregon State Penitentiary (OSP) to TRCI and immediately placed in the Mental Health Unit (MHU) where he currently resides today.

13) While incarcerated at TRCI plaintiff has suffered on-going abuse, retaliation, and improper treatment from TRCI staff due to the Policies and Procedures in place at TRCI which are contrary to state and federal law and are on-going as of this date.

14)On 8-3-22 plaintiff filed a grievance TRCI-2022-08-052 complaining that he was/is experiencing negative mental and physical problems by the 24-7 continuous lighting in his cell which is disrupting his circadian rhythm and causing and or exacerbating his medical and mental health issues and asked that the cell lights be turned off from 10:00 pm to 7:00 am, and that the four-foot lights be dramatically dimmed during the day.

15)On 10-07-22 H. Rossi (for Ms Eynon, the grievance coordinator) refused to process this grievance by falsely and intentionally misquoting the Rules regulating the filing of grievances, she replied "This grievance is denied as you have not met the requirements under OAR 291-109-0210-{Permissible Grievance Issues}. You have not demonstrated misapplication of departmental policies, rules, or other directives, unprofessional treatment. Sexual abuse or sexual harassment or excessive use of force by department employees. However, I have forwarded a copy of your concerns to Behavioral Health Services Manager, Ms E. Coleman". {This response also notes that a copy was sent to Captain Rumsey TRCI Security and to Health Services Administrator D. Wettlaur in an attempt to get them to retaliate against plaintiff for this grievance as they have in the past with bogus disciplinary reports etc.} Upon information and belief, H. Rossi works for defendant Eynon as a secretary and acts only under the direction of Eynon, thus defendant Eynon is directly involved in the decision-making process concerning all grievances.

16)On 9-11-22 plaintiff filed a grievance appeal, TRCI-2022-08-052-A, disagreeing with defendant Eynon/Rossi's denial of his grievance claiming that "she was misquoting rule 291-109-0210 for the express purpose of denying me access to the grievance system as Rule 291-109-0210 goes on to say, An AIC may file a single grievance concerning any incident or issue regarding institutional life that directly and personally affects that AIC". Plaintiff went on to state that "The constant bright lights do directly affect me in a negative manner both physically and mentally". Plaintiff asked that the "grievance be processed and approved", and stated that "I want all records, e-mails, etc preserved for litigation purposes".

17)On 10-6-22 defendant Rossi/Eynon denied the appeal simply stating that "grievance rules do not allow for appealing a grievance that was never accepted. Therefore, your appeal is denied".

18)On 10-7-22 plaintiff filed the second level appeal stating that "I disagree with the denial of Grievance Appeal #TRCI-2022-08-052-A as my initial grievance was erroneously denied in order to retaliate and deny me access to the grievance system as it misquoted 291-109-0210 to justify the denial. I absolutely was in compliance with 291-109-0210 and it was the state who refused to follow its own rules concerning the grievance review system".

19)On 11-10-22 this last appeal was denied. Thus ending the grievance process and exhausting plaintiffs remedies due to Eynons/Rossi's intentional and purposeful conduct to deny plaintiff "fair" access to the

grievance system, {and in doing so attempting to deny plaintiff access to the courts} as plaintiff is well known to TRCI staff and particularly to Eynon and Rossi as a so called "jailhouse lawyer" who was obviously headed to the courts with this case based simply upon its very nature i.e. 24-7 constant illumination of plaintiffs cell. Eynon/Rossi refused to correct the misquote of the rules and allow the grievance to go forward after plaintiff alerted them that they had erroneously misquoted the rules in denying the grievance. Defendants refusal to correct this misquote is evidence in and of itself of intentional, retaliatory, malicious, and illegal conduct. Plaintiff would have grieved this retaliatory suppression of free speech but Rule 291-109-0210 (40)(j) states that "An AIC cannot grieve the following; "the processing of or response to grievances, grievance appeals, discrimination complaints" etc. This Rule bars plaintiff from further complaints about these issues. Lastly OAR 291-109-0100 (3) (c) states that" within the inherent limitations of resources, and the need for facility security, safety, health and good order, it is the policy of ODOC that all AICs be treated "fairly equitably", and that staff actions and decisions be consistent with the rules, policies, and procedures of the Department." Hence the plaintiff was/is entitled to access to a "fair and equitable grievance system".

20)The cell lights at TRCI contain two approximately four foot long LCD light tubes for the main lights, and two approximately four inch LCD tubes for the so called night lights. These lights are approximately nine feet from plaintiff's head while laying down on his bed in a cell that is approximately twelve feet by seven feet. The walls and ceiling are painted in a glossy, reflective, white paint which creates the effect of living in a virtual light box. Both sets of lights are extremely bright (beyond security needs) and deprive plaintiff of sleep, cause him severe chronic headaches, eye strain, dry itchy eyes, and exacerbate plaintiffs physical and mental impairments as described in this complaint, increasing suicidal ideation, and actual attempts. Constant Illumination 24-7 is known to disrupt the circadian rhythm of the human body. Plaintiff often covers his eyes with a T-shirt or other items he can find while sleeping but this does little to no good as the light permeates the coverings and is also absorbed through any bare skin. Plaintiff is especially sensitive to this constant illumination due to his SMI (more so than other AIC's). All defendants are or should be aware that the law is already clearly established concerning "constant 24-7 illumination" and that it has been declared unconstitutional by the Ninth Circuit Court of Appeals along with most all other Courts.

21)The defendants have all refused to turn off plaintiffs' lights after being notified about the damage being done.

22)Approximately two years ago TRCI experienced a catastrophic power outage after a power transformer exploded. This left TRCI completely without lights for approximately 2/3 weeks. During this timeframe there was no excess violence, disruptive behavior, extra security precautions (like more guards on the units) that were taken, in fact it was the opposite, it was more quiet, relaxed, and at ease, far more than usual, staff simply went about their normal daily business but used flashlights to conduct their counts and tier checks.

23) General population cells at TRCI are equipped with on/off light switches that inmates can use and staff can over-ride at will. This constant illumination is punitive in nature and intended solely to harshen living conditions as the main four foot bright lights are randomly turned on at all hours of the day and night. Staff turn the brights on every morning from 6:00 am to about 7:00 am so that inmates are woken with a "floodlight" to the face. Staff then turn the brights on approximately every 30 minutes or so for about 5-10 minutes to do their "tier checks" and they often "accidently" leave them on after these checks. The brights are also turned on at every meal for about one hour, and at every hour during two way cell unlocks where AICs are allowed to come and go from their cells for about 3-5 minutes, (staff also can and do turn the brights on randomly whenever they want just to harass AIC's) this occurs throughout the day until 10:30 at night when the brights are turned off for the evening and the "night lights" are used. The effect of these bright lights is similar to driving at night and having a person in the opposite oncoming lane having his/her bright lights on and in your face, it is startling, blinding, and after a short time causes anger, rage, depression, and hopelessness as plaintiff cannot blink his lights and ask the other person to dim his/her lights with any hope of them complying.

24) Plaintiff has served time at both OSP and TRCI, OSP's walls are painted in differing soft pastel colors, (not high reflective glossy white paint) and the lights themselves are small florescent soft light bulbs that are not controlled by staff but by the inmates. Staff conduct cell checks and counts with flashlights (if and when needed).

25) The LCD lights at TRCI pose direct and unique threats to plaintiff due to their exceptional brightness, they are far brighter than traditional incandescent bulbs or florescent tubes and when used in a tiny cell painted in reflective white paint the effects are far more damaging. Upon information and belief, the staff all have dim florescent tubes in their offices.

26) The lights in the main corridors where inmates and staff regularly traverse between jobs, canteen, education, etc. are lit by dim florescent tubes that are nowhere near the brightness of AIC's cells.

27) Plaintiff has requested that he be provided adequate periods of darkness in his cell in order to properly sleep, defendant's refusal to provide plaintiff adequate periods of darkness in his cell to sleep is deliberate indifference.

28) Defendants Eynon/Rossi's refusal to process procedurally correct grievances and to intentionally misquote the rule to justify her/his denial of the grievance was done in retaliation for plaintiffs filing complaints and lawsuits against ODOC. This has chilled plaintiffs' speech and frightens plaintiff and is simply in effect an attempt to deny plaintiff access to the Courts via exhaustion of remedies issues.

29)Plaintiff is a person as described in the Vulnerable Persons Act under OAR 124-100 thru 124-140 and has served the Attorney Generals office a copy of this complaint.

### FIRST CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS

### CRUEL AND UNUSUAL PUNISHMENT BY CONFINEMENT IN INHUMANE CONDITIONS

### (42 U.S.C. 1983- Eighth Amendment)

30)Plaintiff realleges and incorporates each allegation contained in paragraphs 1 thru 30.

31)Defendants actions in subjecting plaintiff to 24-7 constant illumination for approximately seven years (since January 21-2015) and subjecting him to retaliation by refusing to process his properly filed grievances violate the Eighth Amendments ban on cruel and unusual punishment of prisoners. Moreover, the abuses combined to create a much more inhumane environment than the mere sum of each abuse. Plaintiff has the right not to be subjected to cruel and unusual punishment while in custody. Defendants actions were/are an imposition of cruel and unusual punishment against plaintiff.

32)The actions of defendants as described in this complaint have been malicious, deliberate, intentional, and embarked upon with knowledge of, or in conscious disregard, of the harm that would be inflicted on plaintiff. These actions caused (and is continuing to cause) direct harm to plaintiff. As the result of this intentional conduct, plaintiff is entitled to punitive damages against defendants in their individual capacities in an amount sufficient to punish them and to deter others from similar conduct.

33)Defendants violated rights held by plaintiff which are clearly established, and no reasonable official similarly situated to defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion. Defendants thus lack qualified or statutory immunity from suit or liability.

## SECOND CLAIM FOR RELIEF

## AMERICANS WITH DISABILITIES ACT

### (42 U.S.C. 12101 et seq.)

34) Plaintiff realleges and reincorporates each allegation contained in paragraphs 1 thru 30.

35) Plaintiff suffers from mental and physical disabilities (as described in this complaint) that interfere with his major life activities, including major depression, suicidal ideation, ADHD, high blood pressure, diabetes, severe headaches, eye soreness, dry itchy eyes, defendants knew or should have been aware of plaintiff's disabilities.

36) Defendants subjected plaintiff to discrimination on the basis of his disabilities and were deliberately indifferent to the need to accommodate plaintiffs physical and mental disabilities which effectively deprived plaintiff the benefits, services, programs, activities offered at OSP to other prison inmates who are similarly situated to plaintiff including appropriate periods of time in darkness to sleep, dimmer lighting in general, and access to appropriate grievance procedures. Plaintiff was otherwise qualified to access these.

37) These unconstitutional conditions are on-going as of the writing of this complaint.

38) ODOC/TRCI does receive funding from the Federal Government.

### THIRD CLAIM FOR RELIEF

### DEPRIVATION OF FEDERAL CIVIL RIGHTS

### INTERFERENCE WITH FIRST AMENDMENT PROTECTED SPEECH

#### (42 U.S.C. 1983)

39) Plaintiff realleges and reincorporates each allegation contained in paragraphs 1 thru 30.

40) Plaintiffs grievances about conditions of his confinement at TRCI and unlawful behavior by ODOC constitute speech that is protected by the First Amendment to the United States Constitution.

41) Plaintiffs grievance was properly filed within ODOC rules and regulations, lawful and permissible commentary by a private citizen on matters of public importance and did not violate prison regulations or compromise prison safety.

42) Defendant Eynon and Rossi interfered with plaintiff's ability to make complaints about the conditions of his confinement by unlawfully retaliating against plaintiff after making these complaints and communications (i.e. intentionally misquoting rules to justify denying plaintiffs grievance and appeals). These actions frightened plaintiff and chilled his right to speak freely about the conditions of his confinement and other matters of public concern.

43) Defendants Eynon and Rossi's actions have been malicious, deliberate, intentional, and embarked upon with knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. These actions caused direct harm to plaintiff. As a result of this intentional conduct, plaintiff is entitled to punitive damages against defendant Eynon and Rossi in his/her individual capacity in an amount sufficient to punish him/her and to deter others from similar conduct.

44) Defendants Eynon and Rossi violated rights held by plaintiff which are clearly established and no reasonable official similarly situated to defendant Eynon and Rossi could have believed that his/her conduct was lawful or within the bounds of reasonable discretion. Defendants Eynon and Rossi thus lack qualified or statutory immunity from suit or liability.

45) As a direct and proximate result of the actions described herein plaintiff sustained actual damages including a diminution of his ability to file fair grievances. As a result of the abuse, plaintiff is entitled to an award of compensatory and punitive damages against defendants Eynon and Rossi in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## CRUEL AND UNUSUAL PUNISHMENT

### (42 U.S.C. 1983- EIGHTH AMENDMENT)

46) Plaintiff realleges and incorporates each allegation contained in paragraphs 1 thru 30.

47) As a state prisoner, plaintiff has the Eighth Amendment right to receive adequate health care and treatment while incarcerated. Correspondingly, defendants are responsible for providing plaintiff with medical treatment, therapy, and medication, and defendants are required to comply with applicable law and policies protecting plaintiff's health and access to medication, treatment, and fair grievance procedures.

48) Defendants are and were aware of plaintiff's medical conditions, physical and mental health diagnoses, and course of treatment, and should be aware that failure to provide adequate treatment for plaintiffs physical/mental conditions or interfering with that treatment poses serious medical harm to plaintiff.

49) Acting under color of state law, defendants have denied plaintiffs access to necessary health care, including his physical and mental needs, and knowingly disregarded excessive risks to his health and wellbeing by refusing to take corrective actions and allowing and condoning TRCI staff members interference with his medical treatment. Defendants ongoing deliberate indifference to plaintiff's needs

has deprived plaintiff of his right to receive adequate medical/mental health care. Defendants wrongful actions have included subjecting plaintiff to continuous lighting 24-7 for several years, denial of fair access to ODOC's grievance system, and retaliation for filing complaints against TRCI/ODOC.

50) The actions of defendants described in this complaint have been malicious, deliberate, intentional, and embarked upon with knowledge of, or in conscious disregard of, the harm that would be inflicted on plaintiff. These actions caused direct harm to plaintiff. As the result of this intentional conduct, plaintiff is entitled to punitive damages against defendants in their individual capacities in an amount sufficient to punish them and to deter others from similar conduct.

51) Defendants violated rights held by plaintiff which were clearly established, and no reasonable official similarly situated to defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion. Defendants thus lack qualified or statutory immunity from suit or liability.

52) As a direct and proximate result of the actions described herein, plaintiff sustained actual damages, including light asphyxiation, disruption of plaintiffs circadian rhythm, attempted suicides, psychological torture, mental anguish, severe chronic headaches, worsening of suicidal ideation, psychological trauma, deterioration of plaintiffs eyesight, and exacerbation of physical and mental disabilities described in this complaint, all to his damage in an amount to be ascertained according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE, plaintiff prays for judgement against defendants as follows;**

1. For an award of economic and non-economic damages in an amount to be proven at trial;

2. For an award of punitive damages in an amount to be proven at trial;

3. A declaration that the acts and omissions described herein violated plaintiffs' civil rights;

4. For preliminary and permanent injunctive relief ordering defendants to "dim" the bright lights permanently and to turn all cell lights off from 10:00 pm to 6:00 am, and to put in place a fair and impartial grievance system;
5. For reasonable attorney's fees, costs, and disbursements and for such other relief as the law permits and Justice requires.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct except as to matters entered upon information and belief and as to those I believe them to be true and correct.

X _____

Signature

Dated 12-19-22

Robert L. Emery Jr (PRO SE)

TRCI #13650508

82911 Beach Access Rd

Umatilla, Or. 97882

## CERTIFICATE OF SERVICE

**CASE NAME:** Emery _____ v. ODOC _____

**CASE NUMBER:** (if known) _____

COMES NOW, Robert L. Emery, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at <u>Two Rivers Correctional Institution (TRCI)</u>.

That on the 19th day of December, 20 22, I personally gave Two Rivers Correctional Institution's e-filing service A TRUE COPY of the following:

Clerk of the Court, U.S. Courthouse
1000 SW Third Ave
Portland, OR. 97204

Attorney General State of Oregon
Ellen F. Rosenblum A.G.
D.O.J.
1162 Court St, N.E
Salem, OR 97301-4096

(Signature)

Print Name: Robert Emery

S.I.D. No.: 13650508

82911 Beach Access Rd
Umatilla, OR. 97882

Page 1 of 1 – Certificate of Service