UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT L. EMERY JR.,

    Plaintiff,

v.

ERIN REYES, Superintendent of TRCI;
Captain RUMSEY, Assistant Superintendent
Of Security at TRCI; A. EYNON, Grievance
Coordinator at TRCI; JOHN AND JANE
DOES, Staff members at TRCI,

    Defendants.

Case No. 2:22-cv-01977-MC

OPINION AND ORDER

MCSHANE, District Judge.

Plaintiff, an adult in custody (AIC) at the Two Rivers Correctional Institution (TRCI), filed this action pursuant to 42 U.S.C. § 1983 alleging that constant illumination and bright lights in his cell subject him to inhumane conditions of confinement in violation of the Eighth Amendment.[1]

---

[1] Defendants Reyes and Rumsey are the remaining Defendants in this case. The Court dismissed Plaintiff's claims against Defendant Eynon in a previous Order.

1   - OPINION AND ORDER

Before the Court is Plaintiff's request for a preliminary injunction requiring Defendants "to turn out 'all lights' from 10:00pm to 7:00am" and "drastically dim or replace the excessively bright LED lights in all cells." Pl.'s Am. Mot. at 5. Defendants oppose the motion, arguing that 1) TRCI has a valid penological justification for some level of illumination; 2) cell lights are modified and dimmed during nighttime hours; and 3) AICs may utilize items – such as sleep masks – to lessen the effect of nighttime lighting. Plaintiff fails to show that a preliminary injunction is warranted under the circumstances, and the motion is DENIED.

## DISCUSSION

To obtain preliminary injunctive relief, Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, Plaintiff must raise "serious questions going to the merits" of his claim and show that the balance of hardships "tips sharply" in his favor, provided that he "also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff fails to establish these elements.

As the Court found in a previous Order, Plaintiff's allegations of continuous bright lighting arguably state a claim for relief under the Eighth Amendment. *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238-39 (9th Cir. 2014). However, to succeed on the merits of his claim, Plaintiff must make an objective showing that Defendants' conduct deprived him of the "minimal civilized measure of life's necessities." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002); *see also Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Plaintiff must then make a subjective showing that Defendants were aware that the deprivation posed a risk to his health or safety and

nonetheless disregarded that risk. *Farmer,* 511 U.S. at 832; *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009).

Plaintiff argues it is "clearly established" that continuous illumination in his cell violates the Eighth Amendment and claims he will suffer irreparable harm if relief is not granted, because his exposure to continuous lighting deprives him of sleep and exacerbates his mental health conditions. *See* Pl.'s Mot. at 3; Pl.'s Am. Mot. at 2; Pl.'s Decl. in Support of Prel. Inj. at 1.

Contrary to Plaintiff's argument, no binding precedent has held that continuous illumination in a correctional facility, in and of itself, violates the Eighth Amendment. *See, e.g., Chappell v. Mandeville*, 706 F.3d 1052, 1058 (9th Cir. 2013). Rather, the Court must consider several relevant factors, including the level of illumination and the penological interest used to justify it. *Id.* at 1058-59; *see also Grenning*, 739 F.3d at 1239-41.

According to Defendants, TRCI is transitioning from fluorescent lightbulbs to LED lightbulbs in AIC cells. Thompson Decl. ¶ 5. More than half of TRCI's cells, including Plaintiff's, now have LED lightbulbs. *Id.* The lightbulbs have settings for daytime and nighttime hours; the daytime setting illuminates two 4-foot LED lightbulbs, and the nighttime setting illuminates one 5.3-inch LED lightbulb. *Id.*

TRCI uses GreenCreative 2 pin G23 model lightbulbs. *Id* ¶ 8. The nighttime lightbulbs emit approximately 320 lumens, which is apparently too bright for nighttime hours. *Id.* TRCI officials have not been able to find compatible LED lightbulbs that emit fewer lumens, and instead they have customized the lightbulbs by covering a large portion with black electrical tape. *Id.* In February and September of 2022, a TRCI electrician took light readings in TRCI cells equipped with modified nighttime LED lightbulbs. *Id.* ¶¶ 9-12, 17. The readings were consistent with illumination emitted by residential nightlights. *Id.* ¶¶ 14-16, 18-20.

3   - OPINION AND ORDER

Defendants contend that some illumination of cells during nighttime hours serves institutional security interests by facilitating tier checks. *Id.* ¶ 6; Rumsey Decl. ¶ 6-7. According to Defendants, tier checks ensure the safety of AICs and TRCI staff by discouraging and/or discovering escape attempts, self-harm incidents, medical emergencies, and other incidents that could pose a threat to institutional security. Rumsey Decl. ¶ 6. TRCI officials maintain that turning off all lights would make nighttime tier checks more difficult and that dimming nighttime lighting adequately accommodates AIC comfort and health.

Plaintiff presents no evidence to counter Defendants' assertion that TRCI cell lights are dimmed during nighttime hours and emit illumination similar to household nightlights. Instead, Plaintiff relies on the unsupported allegations of his Amended Complaint and argues that correctional officials could conduct tier checks with flashlights if he is granted the preliminary injunctive relief he seeks. *See generally* Pl.'s Decl.; Pl.'s Reply. While Plaintiff's allegations arguably stated an Eighth Amendment claim at the pleading stage, his unsupported assertions do not establish a sufficiently serious deprivation that entitles him to preliminary injunctive relief. Moreover, given that Defendants have taken steps to dim nighttime lighting, Plaintiff also fails to show that they are disregarding a known risk of harm.

Plaintiff also fails to present evidence that he will suffer irreparable harm or that the balance of hardships tips in his favor. Plaintiff alleges that he has been subjected to continuous bright lighting since 2015, and he did not file suit until 2022. Given this length of time and the lack of evidence showing any harm caused by the lighting, Plaintiff does not establish an imminent risk of irreparable injury.

Finally, the balance of equities and the public interest tip in Defendants' favor. *Roman v. Wolf*, 977 F.3d 935, 940-41 (9th Cir. 2020). Defendants have taken measures to dim the lights

during nighttime hours and TRCI officials reasonably assert a security interest in some level of illumination to conduct security checks at night. Accordingly, Plaintiff's request for preliminary injunctive relief is denied.

## CONCLUSION

Plaintiff's Motions for Preliminary Injunction (ECF Nos. 17, 19) are DENIED.

IT IS SO ORDERED.

DATED this 26th day of January, 2024.

                                                s/ Michael J. McShane
                                                MICHAEL J. MCSHANE
                                                United States District Judge