UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT L. EMERY JR.,

        Plaintiff,

        v.

ERIN REYES, Superintendent of TRCI;
Captain RUMSEY, Assistant Superintendent
Of Security at TRCI; A. EYNON, Grievance
Coordinator at TRCI; JOHN AND JANE
DOES, Staff members at TRCI,

        Defendants.

Case No. 2:22-cv-01977-MC

**OPINION AND ORDER**

MCSHANE, District Judge.

        Plaintiff, an adult in custody (AIC) at the Two Rivers Correctional Institution (TRCI), filed this action pursuant to 42 U.S.C. § 1983 alleging that constant illumination and bright lights in his cell subject him to inhumane conditions of confinement in violation of the Eighth Amendment. Defendants Reyes and Rumsey now move for summary judgment on grounds that

1   - OPINION AND ORDER

they did not violate Plaintiff's constitutional rights and are entitled to qualified immunity.[1] Plaintiff fails to raise a genuine issue of fact to defeat summary judgment, and Defendants' motion is GRANTED.

## DISCUSSION

To prevail on their motion, Defendants must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants must present evidence of record, together with affidavits, if any, to demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If Defendants meet this burden, the burden shifts to Plaintiff to demonstrate the existence of a genuine issue of fact for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1).

The Court must construe the evidence and all reasonable inferences in favor of Plaintiff, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

Because Plaintiff is self-represented, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, this does not relieve Plaintiff of his "obligation to show a genuine issue of material fact for trial through the presentation of

---

[1] The Court dismissed Plaintiff's claims against Defendant Eynon in a previous Order.

2   - OPINION AND ORDER

specific, admissible evidence." *Epling v. Komathy*, 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011). "[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Plaintiff argues that the exposure to continuous illumination in his cell constitutes cruel and unusual punishment under the Eighth Amendment. To sustain an Eighth Amendment claim, Plaintiff must first make an objective showing that Defendants' conduct deprived him of the "minimal civilized measure of life's necessities." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002); *see also Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Plaintiff must then make a subjective showing that Defendants were aware that the deprivation posed a risk to his health or safety and that they nonetheless disregarded that risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009). In the context of continuous illumination, the Court considers several factors, including the level of illumination and the penological interest used to justify it. *See, e.g., Grenning v. Miller-Stout*, 739 F.3d 1235, 1239-41 (9th Cir. 2014); *Chappell v. Mandeville*, 706 F.3d 1052, 1058-59 (9th Cir. 2013).

The evidence of record does not suggest that the lighting in Plaintiff's cell rises to the level of an objectively severe deprivation. Plaintiff's cell is equipped with two 4-foot LED lightbulbs for daytime lighting and one 5.3-inch LED lightbulb for nighttime lighting. First Thompson Decl. ¶ 5 (ECF No. 68). Unaltered, the nighttime lightbulbs emit approximately 320 lumens, which is too bright for nighttime hours. *Id.* ¶ 8. TRCI officials have been unable to find compatible LED lightbulbs that emit fewer lumens, and instead they customize the lightbulbs by covering a large portion of the bulb with black electrical tape. *Id.*

On November 8, 2023, a former TRCI electrician tested illumination in the two cells in which Plaintiff has been housed under the following conditions: 1) with the cell's daytime

3   - OPINION AND ORDER

lighting on and the cell door open; 2) with the cell's nighttime lighting on, the cell door closed, and the cell window unobstructed; and 3) with the cell's nighttime lighting on, the cell door closed, and the cell window obstructed by a garment in an attempt to simulate nighttime hours. Armstrong Decl. ¶¶ 1, 3-6. The readings for daytime lighting were 15.7 and 18 lumens, and the readings for nighttime lighting were 2.9 and 4 lumens with an unobstructed cell window and 2.4 and 2.6 lumens with an obstructed cell window. *Id.* ¶¶ 5-6. Defendants maintain that the illumination levels measured in Plaintiff's cells are consistent with those emitted by residential lighting and nightlights. *Id.* ¶ 9.

Plaintiff does not dispute the evidence presented by Defendants. Rather, Plaintiff relies on his unsupported allegations that the continuous lighting deprives him of sleep and exacerbates his many mental health issues. Plaintiff also cites the declaration of two experts who opine that continuous light exposure may cause health hazards and exacerbate mental and physical conditions. Pl.'s Decl. & Exs. 1-3. However, Plaintiff presents no evidence to support his allegation that the lighting in his cell seriously affects his health and Plaintiff's experts did not render an opinion regarding the specific illumination levels in Plaintiff's cell.

The evidence also fails to establish that Defendants possessed the subjective state of mind necessary to sustain an Eighth Amendment claim. As noted above, Defendants have taken efforts to dim nighttime lights and they assert a penological security interest in maintaining a low level of nighttime illumination to facilitate security checks. Rumsey Decl. ¶ 6-7. Nighttime tier checks are conducted to ensure the safety of AICs and TRCI staff by discouraging and/or discovering escape attempts, self-harm incidents, medical emergencies, and other incidents that could pose a threat to institutional security. *Id.* ¶ 6. Defendants explain that nighttime lighting allows security staff to perform these checks without shining a flashlight into each cell. Defendants' stated

security interests are reasonable and their efforts to dim nighttime lighting contradict Plaintiff's claim that they have disregarded a known risk of harm.

Finally, even if questions of fact existed regarding the constitutionality of TRCI lighting, Defendants are entitled to qualified immunity.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 580 U.S. 73, 78-79 (2017) (per curiam) (citation omitted). In deciding whether qualified immunity applies, courts "must determine whether: (1) the facts adduced constitute the violation of a constitutional right; and (2) the constitutional right was clearly established at the time of the alleged violation." *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016). To be "clearly established," the asserted right "must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (brackets and internal quotation marks omitted); *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) ("Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted.").

No binding precedent holds that continuous lighting, in and of itself, violates the Eighth Amendment. *Grenning*, 739 F.3d at 1238-39; *Chappell*, 706 F.3d at 1058. Rather, such cases have had "mixed results" because they are inherently "fact-driven." *Chappell*, 706 F.3d at 1058. Based on the evidence of record in this case – including the lack of evidence showing harm, Defendants' efforts to dim nighttime lighting, and the penological interests involved – reasonable correctional officials in Defendants' position would not have believed that their conduct violated a clearly established constitutional right. *See Chappell*, 706 F.3d at 1058 (finding it was not

5   - OPINION AND ORDER

clearly established "that constant illumination violates the Eighth Amendment when done for a legitimate penological purpose"); *Perez v. Moore*, 2020 WL 2793647, at *11 (N.D. Cal. May 29, 2020) (noting that "the law has not become any clearer since *Grenning* and *Chappell* on the constitutionality of continuous illumination of a cell"); *see also* Hall Decl. Att. 2 (state court habeas opinion finding no constitutional violation arising from TRCI lighting because "lighting at night is set as low as possible" and "does not constitute a cognizable indignity and is necessary for safety and security").

Accordingly, Plaintiff fails to show a genuine issue of material fact for trial and summary judgment is appropriate.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 64) is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 23rd day of October, 2024.

s/ Michael J. McShane<br>
MICHAEL J. MCSHANE<br>
United States District Judge